KID RUSH v. THE STATE.

No. 11799. Delivered May 30, 1928.
Rehearing denied June 23, 1928.

The opinion states the case.

*Elmer L. Lincoln* of Texarkana, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment confinement in the penitentiary for two years.

Appellant challenges the sufficiency of the evidence.

Appellant cut the injured party, Roy Graves, with a knife. Wade Redding, who was present and participated in the difficulty between appellant and the injured party, testified that appellant used a pocket knife, the blade of which looked to be about three inches long. The physician who dressed the injured party's wounds testified that the wound began at the point of the left shoulder blade and extended to the left nipple; that in depth the wound extended to the ribs; that two or three good sized blood vessels had been cut and that the injured party had bled a great deal; that the wound was not necessarily fatal and that in his opinion it was not of a very serious nature. The injured party testified that he lived in a tent within half a block of a road; that about 8 o'clock at night something disturbed his chickens and he went outside for the purpose of finding out what the trouble was; that as he was going back to the tent he saw a car standing in the road in front of the tent; that Redding was with

him at the time and that he and Redding looked toward the car and saw appellant lying on the ground; that he asked appellant what he was doing and that he replied that it was none of his damn business; that his, Graves', wife and children were in the tent at the time; that he approached appellant with the statement that he was in his yard; that appellant replied that his car was broken down and that he was trying to fix it; that he told appellant that that was a funny way to fix a car, twenty steps away from it on a cushion on the ground; that appellant told him that if he didn't take his word for it to come on down and that he would show him; that he followed him down to the car, where appellant turned the lights on; that appellant then said: "I am now in the road and if it is any of your business, tend to it"; that appellant then cut him; that he ran backwards, pushing appellant off as best he could and that they grappled; that Redding called to the wife of the injured party to bring the gun; that she started with the gun and that he, the injured party, went to meet her; that appellant threw something at him, hit him in the back and knocked him down. On cross-examination the injured party admitted that he carried a hammer with him to appellant's car and stated that he believed that he and appellant were going to have trouble. He testified, however, that he did not make any attempt to hit appellant with the hammer.

Redding's testimony touching the difficulty was similar to that given by the injured party. He testified that he hit appellant with his fist after appellant had cut the injured party and that appellant tried to cut him with the knife. He further testified that he shot at appellant after he had cut the injured party and that appellant ran away and left his car, but later came back and that he again shot at appellant with no intention of hitting him. Both witnesses testified that appellant had a woman with him, who ran away when the difficulty began.

Appellant testified that he was trying to fix his car when the in--jured party approached him, cursed him and ordered him away; that he had a little knife which he picked up off of the fender of his car; that the injured party struck at him three times with the hammer and that Redding struck him; that he ran toward the injured party and cut him with no intention of killing him; that he cut him because he was hitting him with a hammer and he believed that his life was in danger. He stated that the knife he used was a small knife. Appellant showed that his reputation for being a peaceable and law-abiding citizen was good.

We are constrained to hold the evidence sufficient. In addition to submitting a charge governing the law of assault with intent to murder, the jury were fully instructed on the law of aggravated assault. The jury found from the evidence that appellant intended to kill the injured party. The evidence was sufficient to warrant the conclusion that the weapon used by appellant was deadly and that appellant used it in such a manner as to evidence an intention to kill.

Believing the evidence sufficient to sustain the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains only of our opinion on the ground that we erred in holding the testimony sufficient to support the conviction. The Court below told the jury that if they believed from the evidence beyond a reasonable doubt that appellant with a deadly weapon, and with malice aforethought assaulted one Graves with intent then and there to kill him, he should be convicted of assault to murder. The court defined a deadly weapon, also malice aforethought, in a manner acceptable to appellant. No fault being found with these definitions, there remained but the fact issues for the jury to determine, viz: whether the assault was made with a deadly weapon, also whether it was made upon malice aforethought. When fact issues are properly submitted in the charge of the court, unless the evidence be so scant as to manifest that the verdict is the result of passion or some other than a fair consideration of the testimony, this court would not hold the evidence insufficient, or so as to cause a reversal. According to the State's testimony appellant made an assault without provocation,—save that Graves interrupted appellant while on the ground with a woman,—and cut Graves with a knife having a blade three inches long. Not only did he make a gash seven inches long on the body of Graves, but made other efforts to cut him, and also to cut one Redding who came to Graves' assistance. We are entirely unable to agree with appellant that the record is bare of facts supporting the finding of the jury upon the two fact issues above mentioned.

The motion for rehearing is overruled.

*Overruled.*